**JINGRU LIANG; Wenqiao Xu, Petitioners,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–73111.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Jingru Liang, Monterey Park, CA, pro se.

Wenqiao Xu, Monterey Park, CA, pro se.

Deitz P. Lefort, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jingru Liang and Wenqiao Xu, natives and citizen of China, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying Liang's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Liang's experiences in China, considered cumulatively, did not rise to the level of persecution. *See id.* at 1019–21. Substantial evidence also supports the agency's finding that Liang did not demonstrate a well-founded fear of future persecution. *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecu-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion"); *Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of persecution "too speculative"). Thus, Liang's asylum claim fails. *See Nagoulko,* 333 F.3d at 1018.

Because Liang failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Liang's CAT claim because she failed to establish it is more likely than not she would be tortured by or the consent or acquiesce of the government if returned to China. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.